UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| JILL A. CAMERON, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | Case No. 1:15-cv-169 |
| v. | ) | |
| | ) | Judge Mattice |
| CAROLYN W. COLVIN | ) | Magistrate Judge Lee |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

# ORDER

On April 12, 2016, United States Magistrate Judge Susan K. Lee filed her Report and Recommendation (Doc. 19) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Lee recommended that (1) Plaintiff's Motion for Judgment on the Pleadings (Doc. 14) be denied; (2) Defendant's Motion for Summary Judgment (Doc. 15) be granted; (3) the decision of the Commissioner be affirmed. (Doc. 19 at 1).

Plaintiff has filed timely objections to the Magistrate Judge's Report and Recommendation. (Doc. 20). Specifically, Plaintiff argues that: "(1) the Commissioner's Decision erroneously found that Ms. Cameron had the Residual Functional Capacity (RFC) to perform light work as defined in 20 CFR 404.1567(bs) and 416.967(a) and (2) the Commissioner's Decision failed to sufficiently assess the consistency of Ms. Cameron's statements." (*Id.* at 2). Many of Plaintiff's arguments within these two broad objections are simply restated from Plaintiff's Motion for Judgment on the pleadings

and were fully addressed in Magistrate Judge Lee's Report and Recommendation.[1] (*Compare* Doc. 14 *with* Doc. 20; *see* Doc. 19). Accordingly, these arguments are not properly before the Court. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

Plaintiff has, however, made two arguments that require *de novo* review. *See* 28 U.S.C. § 636(b)(3). First, Plaintiff claims that prior to the time the Commissioner's decision became final, the Social Security Administration ("SSA") issued an update to its Program Operation Manual System ("POMS"), which the Commissioner failed to consider in its decision denying her benefits. Specifically, Plaintiff cites to an example in POMS 25025.015 that is "almost indistinguishable from [her] situation." (Doc. 20 at 2). The example reads, in its entirety,

> A 50-year-old claimant with a high school education and unskilled past relevant past [sic] work has an RFC for standing/walking 2 hours of an 8-hour day and sitting approximately 6 hours of an 8-hour day. He is able to lift/carry/push/pull 20 pounds occasionally and 10 pounds frequently. This RFC falls between rule 201.12, which has a decision of disabled, and 202.13, which has a decision of not disabled. In this case, use rule 201.12 as a framework for a decision . . . of disabled because the definitions in DI 25001.001 (Medical-Vocational Quick Reference Guide) indicate light work usually requires walking or standing for approximately 6 hours of an 8-hour day. Since the claimant can only walk or stand for 2 hours, he has a significantly reduced capacity to perform light work and a sedentary medical-vocational rule applies as a framework for a determination.

---

[1] These arguments include: (1) Plaintiff's disagreement with the Administrative Law Judge's ("ALJ") assessment of Plaintiff's credibility, (2) Plaintiff's insistence that the ALJ did not properly weigh the evidence. (Doc. 20 at 4–8).

2

(*Id.* at 2–3). Plaintiff argues that had the Administrative Law Judge ("ALJ") considered this example, he would have found that Plaintiff was only able to perform sedentary work, which would entitle her to benefits.

In her Report and Recommendation, Magistrate Judge Lee excused the ALJ's failure to consider this POMS update, citing to *Davis v. Secretary of Health & Human Services*, 867 F.2d 336 (6th Cir. 1989) and *Wells v. Astrue*, 2009 WL 3400911 (E.D. Ky. Oct 20, 2009). Therein, the United States Court of Appeals for the Sixth Circuit and the United States District Court for the Eastern District of Kentucky found that POMS is merely an interagency manual with no legal force. Accordingly, the "failure to follow the POMS," Magistrate Judge Lee opined, "is not legal error." (Doc. 19 at 21); *see also Davis* 867 F.2d at 340 ("POMS is a policy and procedure manual that employees of the Department of Health & Human Services use in evaluating Social Security claims and does not have the force of law."); *Wells*, 2009 WL 3400911 at *4 ("The POMS contains a disclaimer indicating that it states only internal SSA guidance and is not intended to, and does not, and may not be relied upon to create any rights enforceable by law by any party in a civil or criminal action.") (internal quotation marks and citations omitted).

Plaintiff claims that Magistrate Judge Lee's reliance on *Wells* and *Davis* is misplaced because after those decisions, the SSA published SSR 13-2p, which "emphatically rejected the holdings of [those] cases." (Doc. 20 at 3). Plaintiff's argument, however, fails for two related reasons. First, SSR 13-2p is entitled "Evaluating Cases Involving Drug Addiction and Alcoholism." SSR 13-2p, 2013 WL 621536. Because this case does not involve drug addiction or alcoholism, SSR 13-2p is inapplicable. Second, the portion of SR 13-2p to which Plaintiff cites outlines how adjudicators are to consider federal district and circuit court decisions that conflict with SSA policy

3

concerning drug addiction and alcoholism. As Plaintiff has failed to identify a misinterpretation of such an SSA policy, SSR 13-2p is, again, inapplicable. *See Martinez v. Colvin*, 2016 WL 270911 at *5 (D. Or. Jan. 20, 2016) ("Second, SSR 13-2p, addresses how adjudicators consider federal district and circuit court decisions where drug addiction and alcoholism problems are present. Plaintiff made no claims that there were misinterpretations of policies relating to drug addiction and alcoholism in this case. Therefore, SSR 13-2P is inapplicable here."). Like the court in *Martinez*, this Court finds that "because the POMS do not create a judicially enforceable duty on the ALJ . . . plaintiff's reliance on the POMS to overturn the ALJ's conclusions" is misplaced. *Id.* Accordingly, Plaintiff's first objection will be **OVERRULED**.

Second, Plaintiff argues that the ALJ followed a "now-repealed standard for assessing [Plaintiff's] own description of her symptoms, resulting in an erroneous decision." (Doc. 20 at 4). Essentially, Plaintiff takes umbrage with the ALJ's finding that she was not a credible witness and Magistrate Judge Lee's deference to that credibility determination. In support, Plaintiff argues that the ALJ erroneously relied on SSR 96-7p in making his credibility determination because SSR 16-3p, which became effective March 16, 2016, rescinded SSR 96-7p. (*Id.*); *see also* SSR 16-3p, 2016 WL 1119029. Notably, and fatally to her cause, Plaintiff also recognizes that "[i]n all fairness, because SSR-16-3p was not issued until shortly before the R&R, this is the first briefing to address SSR 16-3p's affect [sic] upon the Commissioner's Decision." (Doc. 20 at 4). It is well-established that, absent explicit language to the contrary, administrative rules do not apply retroactively. *See, e.g.*, *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("Retroactivity is not favored in the law. Thus congressional enactments and administrative rules will not be construed to have retroactive effect unless their

4

language requires this result."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541–42 (6th Cir. 2007) ("We are not aware of any constitutional or statutory requirement that the Administration apply its [newly effective] policy interpretation rulings to appeals then-pending in federal courts, absent, of course, ex post facto or due process concerns not present here."); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) ("The Act does not generally give the SSA the power to promulgate retroactive regulations."). Because the text of SSR 16-3p does not indicate the SSA's intent to apply it retroactively, the Court declines to do so. *See* SSR 16-3p, 2016 WL 1119029. Accordingly, Plaintiff's second objection is without merit and will be **OVERRULED**.

As previously stated, Plaintiff's remaining arguments are not properly before the Court. *See VanDiver*, 304 F. Supp. 2d at 937. Nevertheless, the Court has conducted a review of the Report and Recommendation, as well as the record, and it agrees with Magistrate Judge Lee's well-reasoned conclusions. Specifically, the Court finds that the ALJ properly considered Plaintiff's credibility, and that the errors about which Plaintiff complains were harmless because the ALJ's credibility determination was otherwise supported by substantial evidence in the record. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) ("The Ninth Circuit reviewed for harmless error and noted, '[s]o long as there remains substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion, such is deemed harmless and does not warrant reversal.' While we have not explicitly adopted a harmless error analysis to credibility determinations . . . [w]e now make explicit what we have previously adopted by implication: harmless error analysis applies to credibility determinations in the social security disability context.") (quoting *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). Moreover, the

Court finds that the ALJ properly consulted a Vocational Expert ("VE"), and his reliance on the VE's opinion in forming the basis for his finding that Plaintiff could perform work existing in the national economy was not error. *See Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 680 (6th Cir. 2013) ("When a plaintiff's residual functional capacity is not squarely within either grid, the grid guidelines are not binding and instead are used only as an analytical framework. In such a situation, Social Security Ruling 83-12 directs that a vocational expert be called to testify as to whether a significant number of jobs exist in the national economy that a hypothetical individual with plaintiff's limitations can perform. So long as the hypothetical is accurate, the administrative law judge may rely on the vocational expert's testimony to find that the plaintiff can perform a significant number of jobs in the national economy.").

Because the Court agrees with Magistrate Judge Lee that the ALJ's conclusions were supported by substantial evidence, the Commissioner's decision will be **AFFIRMED**. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) ("The substantial evidence standard presupposes that there is a zone of choice within which the Secretary may proceed without interference from the courts.") (internal quotation marks omitted). Accordingly,

- The Court **ACCEPTS** and **ADOPTS** Magistrate Judge Lee's findings of fact, conclusions of law, and recommendations (Doc. 19) pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b);

- Plaintiff's Objections (Doc. 20) are **OVERRULED**;

- Plaintiff's Motion for Judgment on the Pleadings (Doc. 14) is **DENIED**;

- Defendant's Motion for Summary Judgment (Doc. 15) is **GRANTED**;

- The decision of the Commissioner is **AFFIRMED**; and

- This case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 2nd day of August, 2016.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE